**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Armando Duarte,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-19-01401-PHX-SMB<br><br>**ORDER** |

At issue is the denial by the Social Security Administration ("SSA") under the Social Security Act ("the Act") of Plaintiff David Duarte's Application for Disability Insurance benefits. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 12, "Pl. Br."), Defendant SSA Commissioner's Answering Brief (Doc. 13, "Def. Br."), and Plaintiff's Reply (Doc. 14, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 11, "R.") and now reverses the Administrative Law Judge's ("ALJ") decision (R. at 8–29) and remands this case for computation and award of benefits.

**I.    BACKGROUND**

On November 12, 2013, Plaintiff filed an application for Disability Insurance benefits alleging disability beginning February 28, 2013. (*Id*. at 11.) Plaintiff's claim was denied initially on April 4, 2014, and on reconsideration on September 4, 2015. (*Id*.)

Plaintiff appeared before the ALJ for a hearing on his claim on June 27, 2017. (*Id*.) On January 4, 2018, the ALJ denied Plaintiff's claim, and on January 4, 2019, the Appeals Council denied Plaintiff's Request for Review (*Id*. at 1–5, 23.)

The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: obesity, asthma, sarcoidosis, hypertension, and inflammatory polyarthropathy. (*Id*. at 13.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from February 28, 2013 through the date of the decision. (*Id*. at 23.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id*. at 15.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"), finding Plaintiff:

> [H]as the [RFC] to perform sedentary work . . . except [he] can occasionally climb ramps and stairs and never climb ladders, ropes, or scaffolds. [He] can occasionally balance, stoop, kneel, crouch, and never crawl. [He] should avoid concentrated exposure to vibration, fumes, odors, dusts, gases, and poor ventilation. [He] can have no exposure to hazards such as moving machinery and unprotected heights. [He] requires the option to use a cane for ambulation.

(*Id*. at 15.) Accordingly, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (*Id.* at 22.)

## II.   LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the

record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ typically follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff raises two issues for the Court's consideration. First, Plaintiff argues that the ALJ erroneously rejected certain medical opinions in the record. (Pl. Br. at 11–20.) Specifically, Plaintiff argues the ALJ erred by rejecting opinions from his treating rheumatologist, Dr. Daniel Kreutz, treating primary care physician, Dr. Byron Torres, treating neurologist, Dr. Jason Reinhart, and examining physician, Dr. Vikram Kapur. (*Id.*)

Second, Plaintiff argues that the ALJ erred by discounting his symptom testimony. (*Id*. at 20–24.)

The Court largely agrees with Plaintiff's arguments and finds that substantial evidence does not support the ALJ's nondisability determination. The ALJ failed to provide specific and legitimate reasons supported by substantial evidence for rejecting opinions from Dr. Kreutz, Dr. Torres, and Dr. Kapur.[1] The ALJ also failed to give specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony. Finally, the appropriate remedy is to remand Plaintiff's case for computation and award of benefits because all the elements of the credit-as-true rule are met in this case.

**A.     The ALJ erred by rejecting opinions from Dr. Kreutz, Dr. Torres, and Dr. Kapur.**

Dr. Kreutz, Dr. Torres, and Dr. Kapur each opined that Plaintiff has functional limitations consistent with disability. (R. at 18–20.) Dr. Torres treated Plaintiff and provided several opinions regarding his functional limitations. In his April 2014 and August 2014 opinions, Dr. Torres opined that Plaintiff would be able to sit, stand, and walk less than two hours per day. (*Id.* at 20.) In his May 2017 opinion, Dr. Torres, opined to similar limitations and also found that Plaintiff would likely miss more than six days of work per month. (*Id.*) The ALJ rejected the April 2014 and August 2014 opinions because the ALJ found the opinions are inconsistent with Plaintiff's "largely normal examinations including a normal gait with only mild to moderate objective findings." (*Id.*) The ALJ rejected the May 2017 opinion because the record purportedly does not establish a history of frequent falls or difficulty concentrating and because Plaintiff "also has a history of largely normal muscle strength." (*Id.*) Dr. Kreutz also treated Plaintiff and opined that Plaintiff could sit, stand, and walk, less than two hours per workday. (*Id.*) He also found that Plaintiff's complaints correlate with results from objective testing. (*Id.*) The ALJ analyzed Dr. Kreutz's opinion as if it were from a reviewing physician, rather than a

---

[1] The Court finds that the ALJ did not err by rejecting Dr. Reinhart's opinion because his opinion was based on a relatively brief treatment history of Plaintiff. (R. at 20.)

- 4 -

treating physician, and gave it partial weight. (*Id*.) The ALJ gave great weight to the finding that Plaintiff can perform sedentary work—a finding Dr. Kreutz did not actually make. (*Id*. at 20, 620; Pl. Br. at 14.) And the ALJ gave little weight to the finding that Plaintiff would likely miss three days of work per month because it is consistent with Plaintiff's normal neurological findings. (*Id*. at 20.) Finally, Dr. Kapur examined Plaintiff and opined that Plaintiff is limited to less than sedentary work. (*Id*. at 18.) The ALJ rejected this opinion because plaintiff had good muscle strength and tone and intact sensation. (*Id*.) The ALJ also gave the opinion minimal weight because it was inconsistent with the weight of the opinion evidence and overly reliant on self-reports (*Id*.)

When evaluating medical opinion evidence, "[t]he ALJ must consider all medical opinion evidence," and there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(c)(1)–(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. If a treating physician's opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion unless he provides specific and legitimate reasons that are based on substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Similarly, an examining physician's opinion is generally entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). An ALJ must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician. *Id*. "[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31.

. . . .

The ALJ failed to provide specific and legitimate reasons supported by substantial evidence for rejecting Dr. Kreutz's opinion. The ALJ's failure to identify that Dr. Kreutz was Plaintiff's treating physician rather than a reviewing physician indicates that the ALJ did not consider Dr. Kreutz's opinion relative to the applicable hierarchy, which generally defers to treating physician opinions. *See Tommasetti*, 533 F.3d at 1041. Further, the ALJ incorrectly concluded that Dr. Kreutz opined that Plaintiff can perform sedentary work. (R. at 20.) Since Dr. Kreutz actually opined that Plaintiff can sit, stand, or walk less than two hours per day, the ALJ's decision to credit a misstatement of the opinion was erroneous. (*Id*. at 20, 620.) Finally, the ALJ's finding that Dr. Kreutz's opinion is inconsistent with Plaintiff's neurological findings is insufficient to reject the opinion. (*Id*.) The ALJ does not specify the relevant neurological findings or explain how they undermine Dr. Kreutz's opinion regarding "respiratory problems and musculoskeletal complaints." (*Id*. at 620.) Defendants argues that the ALJ's mistreatment of Dr. Kruetz's opinion was harmless error and relies on cases where the ALJ's failure to consider certain medical opinions was harmless error. ((Def. Br. at 11–12.) Defendant argues that the ALJ's mistreatment of Dr. Kruetz's opinion was harmless error because the ALJ correctly rejected Dr. Torres's opinions, which opined to similar limitations. (*Id*.) *See Kelly v. Colvin*, 669 F. App'x 401, 401-02 (9th Cir. 2016) (unpublished); *see also Senko v. Astrue*, 279 F. App'x 509, 511 (9th Cir. 2008) (unpublished). Defendant's arguments are unpersuasive. The ALJ did not ignore Dr. Kreutz's opinion; she misevaluated it. And, as the Court explains below, the ALJ erred by rejecting Dr. Torres's opinions.

The ALJ's rejection of Dr. Torres's April 2014, August 2014, and May 2017 opinions was insufficient. In rejecting the April 2014 and August 2014 opinions, the ALJ cited isolated medical records to support her finding that the opinions are inconsistent with Plaintiff's normal gait and mild-to-moderate objective findings. (R. at 20, 419–62.) However, the ALJ's explanation and citations do not indicate how the findings contained in these records undermine Dr. Torres's opinions regarding Plaintiff's "sarcoidosis, joint pains in various areas, skin lesions from multiple episodes of falling, fatigue, fevers," and

- 6 -

headaches, shortness of breath, vertigo, dizziness, nausea, and weakness. (*Id*. at 480, 648–49.) Defendant attempts to specify potential inconsistencies between the medical evidence and Dr. Torres's opinions, but this was the ALJ's task. (Def. Br. at 10–11.) Defendant cannot salvage the ALJ's analysis with evidence the ALJ did not rely on. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th. Cir. 2009.). The ALJ's analysis of Dr. Torres's April 2014 and August 2014 opinions does not specifically identify the medical evidence she relies on, besides Plaintiff's occasionally normal gait. (R. at 20.) The ALJ also does not explain how the medical evidence she relies on undermines Dr. Torres's opinions. (*Id*.) The ALJ's analysis of Dr. Torres's May 2017 opinion is similarly deficient. The ALJ rejected the opinion because "the record does not establish a history of frequent falls or difficulty concentrating." (*Id*.) This conclusion is unsupported by substantial evidence. The ALJ supports her finding by citing a record where she found Plaintiff admitted he exercised regularly. (*Id*.) But the cited record does not include the information referenced by the ALJ. (*Id*. at 20, 436.) Instead it states Plaintiff "seems to have classic, though unusual manifestations of sarcoidosis causing pain in the ankles chronically." (*Id*. at 436.) The ALJ also cites Plaintiff's normal muscle strength but there is no explanation of how these findings undermine Dr. Torres's May 2017 opinion. (*Id*. at 20.) The ALJ concluded Dr. Torres's finding that Plaintiff's symptoms include difficulty concentrating is unsupported, but this finding regarding a single symptom identified by Dr. Torres does not justify wholesale rejection of the opinion. (*Id*. at 20, 1115.) Finally, as Plaintiff correctly identifies, the record supports Dr. Torres's findings that Plaintiff regularly fell due to his impairments. (Pl. Br. at 16; *Id*. at 470, 597, 600, 965–66, 969, 972.)

       The ALJ failed to provide sufficient reasons supporting her rejection of Dr. Kapur's opinion. The ALJ gave the opinion minimal weight because Plaintiff had good muscle strength and tone during the examination, no evidence of ataxia, and intact sensation. (R. at 18.) The ALJ also found the opinion was inconsistent with the weight of the opinion evidence and that Dr. Kapur overly based his opinion on Plaintiff's subjective complaints. (*Id*.) None of these reasons are supported by substantial evidence. Again, the ALJ provides

no support or analysis behind the conclusion that Dr. Kapur's opinion is undermined by the findings identified by the ALJ—normal strength, tone, sensation, and the absence of ataxia. The ALJ does not identify any medical opinion indicating how such findings are inconsistent with Dr. Kapur's opinion, and the ALJ is not independently qualified to determine that they are inconsistent. *See Lapierre-Grut v. Astrue*, 382 Fed. Appx. 662, 665 (9th Cir. 2010). Moreover, as Plaintiff identifies, the ALJ does not explain why the positive findings evidencing limitations found by Dr. Kapur are undermined by the findings identified by the ALJ. (Pl. Br. at 18.) Additionally, the ALJ's finding that Dr. Kapur overly relied on Plaintiff's subjective complaints is conclusory and unsupported by the record. (R. at 18.) Finally, the ALJ's conclusion that Dr. Kapur's "opinion is significantly inconsistent with the weight of the opinion evidence," is, itself, inconsistent with the evidence. (*Id.*) Instead, Dr. Kapur's opinion is mostly consistent with opinions from three of Plaintiff's treating physicians and was only inconsistent with reviewing physicians and the doctor examining Plaintiff's mental limitations that are largely not at issue in this case. (*Id.* at 14, 18–21, 265.)

Ultimately, the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for rejecting opinions from Plaintiff's treating and examining physicians. The ALJ misevaluated Dr. Kreutz's opinion by treating it as a reviewing physician's opinion and misinterpreting the opined-to limitations. The ALJ also failed to identify sufficient evidence supporting her rejection of Dr. Kreutz's opinion. Similarly, the ALJ failed to identify evidence that undermines three opinions from Dr. Torres. Finally, the ALJ failed to identify evidence undermining Dr. Kapur's opinion and erred by concluding it was overly reliant on self-reports.

**B.     The ALJ failed to provide specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony.**

Plaintiff alleges disability due to joint pain, sarcoidosis and asthma. (*Id.* at 16.) At his hearing, Plaintiff testified that he has issues with sarcoidosis causing shortness of

1 breath, fatigue, and joint pain causing trouble walking. (*Id*. at 47–48, 61, 63, 65.) Plaintiff
2 requires a cane and cannot fully participate in many home activities. (*Id*. at 55–56.) Plaintiff
3 alleges greater pain with activity and that treatment has been unhelpful. (*Id*. at 63.) He also
4 claims he regularly falls due to his impairments despite using a cane. (*Id*. at 69.)

5    The ALJ rejected Plaintiff's symptom testimony for two reasons. First, the ALJ
6 found Plaintiff's allegations inconsistent with the objective medical evidence. (*Id*. at 17–
7 19.) Second, the ALJ found that Plaintiff's "wide range of activities of daily living [is] not
8 consistent with his allegations of weakness and falls." (*Id*. at 19.) The Court finds neither
9 reason was sufficient to reject Plaintiff's symptom testimony.

10    An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding
11 pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ
12 evaluates whether the claimant has presented objective medical evidence of an impairment
13 "which could reasonably be expected to produce the pain or symptoms alleged."
14 *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v.*
15 *Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)).
16 If the claimant presents such evidence then "the ALJ can reject the claimant's testimony
17 about the severity of her symptoms only by offering specific, clear and convincing reasons
18 for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281
19 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id*. at 1015.
20 "In evaluating the credibility of pain testimony after a claimant produces objective medical
21 evidence of an underlying impairment, an ALJ may not reject a claimant's subjective
22 complaints based solely on a lack of medical evidence to fully corroborate the alleged
23 severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

24    Here, substantial evidence does not support the ALJ's reliance on Plaintiff's
25 activities of daily living as a basis to reject Plaintiff's symptom testimony. The ALJ does
26 not specifically reference which activities undermine Plaintiff's symptom testimony. (R. at
27 19.) Additionally, the activities of daily living referenced by the ALJ in her opinion do not
28 clearly undermine Plaintiff's allegations. (*Id*. at 16.) The ALJ references Plaintiff's driving

a car, helping his children get ready for school, cooking, cleaning, reading, and watching television. (*Id*. at 16.) But Plaintiff reports difficulty even with these minimal activities. (*Id*. at 16, 56, 58.) The ALJ erred by concluding these activities undermine Plaintiff's allegations since they are consistent with Plaintiff's allegations of disability and his acknowledgement that he can perform minimal activities with limitations. Defendant references other activities the ALJ did not rely on but it is not evident from the ALJ's opinion that the ALJ relied on all the activities cited by Defendant. (Def. Br. at 20.) Defendant also argues that the ALJ may discount symptom testimony based on activities that contradict a claimant's allegations, even if the activities are not consistent with full time work. (*Id*. at 21–22.) Defendant is correct, but the argument is unpersuasive since the activities cited by the ALJ are neither consistent with sustained work nor undermine Plaintiff's allegations.

The only remaining reason provided by the ALJ for rejecting Plaintiff's symptom testimony is its purported inconsistency with the objective medical evidence. However, this reason, by itself, is an insufficient basis for rejecting a claimant's symptom testimony. *Burch*, 400 F.3d at 682. Because the ALJ did not provide another valid reason for rejecting Plaintiff's symptom testimony, her reliance on the objective medical evidence stands alone, and thus, is insufficient.

In sum, the ALJ erred by rejecting Plaintiff's symptom testimony. The ALJ did not provide specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's allegations. Substantial evidence does not support the ALJ's reliance on Plaintiff's activities of daily living as a basis to reject Plaintiff's testimony. And because the ALJ's lone remaining reason for rejecting the testimony—its purported inconsistency with the objective medical evidence—is insufficient by itself, the ALJ erred.

**C.  The appropriate remedy is to remand Plaintiff's case for further administrative proceedings.**

Plaintiff argues the improperly rejected opinions and symptom testimony establish functional limitations that are inconsistent with sustained work. (Pl. Br. at 25.)

Consequently, Plaintiff argues his case should be remanded for computation and award of benefits rather than a new hearing. (*Id*.) The Court disagrees.

The credit-as-true rule applies if each part of a three-part test is satisfied. *See Garrison*, 759 F.3d at 1020. First, the record must have been fully developed and further administrative proceedings would serve no useful purpose. *Id*. Next, the ALJ must have failed to provide sufficient reasons for rejecting the claimant's testimony or medical opinions. *Id*. Finally, if the improperly discredited evidence were credited as true, then the ALJ would be required to find the claimant disabled. *Id*. Even if all elements of the credit-as-true rule are met, the Court maintains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.*

Though the ALJ erroneously rejected symptom testimony and failed to provide support for rejecting the discussed medical opinions, the Court finds that further proceedings would be useful for the ALJ to properly consider the opinion evidence prior to formulating Plaintiff's RFC. Further, even if all elements of the credit-as-true rule were satisfied, the record as a whole—most evidently, the objective medical evidence—creates serious doubt as to whether Plaintiff is, in fact, disabled. Therefore, remand for further proceedings is the proper remedy.

## IV.  CONCLUSION

Substantial evidence does not support the ALJ's nondisability determination. The ALJ committed reversible error by rejecting opinions from Plaintiff's treating and examining physicians. Further, the ALJ erred by improperly discounting Plaintiff's symptom testimony.

**IT IS THEREFORE ORDERED** reversing the January 4, 2018 decision of the Administrative Law Judge (R. at 8–29.), as upheld by the Appeals Council (R. at 1–5).

**IT IS FURTHER ORDERED** remanding this matter for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 19th day of August, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge